This is a suit brought by the plaintiff to recover compensation under the Employers Liability Statute of Louisiana, Act No. 20 of 1914, as amended, for the sum of $140.40 and the further sum of $22 alleged to have been incurred as medical expenses. An order was granted permitting plaintiff to prosecute his suit without the payment of costs of court and without furnishing bond. The main demand represents compensation which plaintiff claims he was entitled to receive during the nineteen weeks' period commencing October 2, 1939, and ending February 12, 1940, at the rate of $7.80 per week, less one week's compensation which he alleges he believes was paid to him. The suit is directed against both the employer, Barber Brothers Contracting Company, Inc. and its compensation insurance carrier, the Travelers Insurance Company.
Plaintiff alleges in his petition that on October 2, 1939, while working as a laborer for his employer he suffered an accident which caused him to suddenly and severely strain and injure his back. That he was sent to his employer's physician for medical treatment and was paid compensation in a sum which he believes to have been $7.80. He avers further that on a certain date which he does not recall exactly, while he was still suffering from the pain in his back he was discharged by the physician to whom he had been sent and he received no further medical treatment from his employer or his insurer. He then alleges that he sought medical treatment of his own and was attended to by Dr. Richard W. Young who, on February 12, 1940, discharged him as being free of any disability.
On information and belief plaintiff avers that at the time of his accident he was suffering from prostatitis; that the ailment was not bothering him but after the accident a combination of the prostatitis and the strain to his back muscles caused him to become disabled, which disability was not relieved until after several treatments consisting of prostate massages. The proximate cause of his disability, he therefore alleges on belief, was the accident which produced the strain to the muscles of his back.
The defendants in their answer admit that on or about October 2, 1939, plaintiff reported an accident or injury while working for Barber Brothers Contracting Company, Inc., and aver that he was sent to Dr. W.B. Chamberlain for examination and treatment. That he was discharged on or about October 16, 1939, and was paid compensation in the sum of $7.80 for the week ending on that date. They further aver that if he was disabled after that date his disability was attributable to prostatitis which was in no way connected with his employment by Barber Brothers Contracting Company, Inc.
After trial of the case in the court below, there was judgment in favor of the plaintiff and against the defendants for the full amount of the demand, including the sum of $22 for medical expenses, *West Page 15 
whereupon this appeal was taken and perfected.
The only issue presented, as we view it, is whether any relation or connection has been shown between the prostatitis with which plaintiff was suffering, and which cleared up after treatment, and the strain to his back muscles suffered in the accident of October 2, 1939. A proper determination of this question depends, naturally, on the medical testimony found in the record.
Dr. Chamberlain who examined plaintiff on October 2, 1939, the day of the accident, found that he had suffered a strain of the muscles of the posterior lumbar region on the right side. He prescribed the usual treatment consisting of hot applications and massage with a liniment, after which he strapped the back with adhesive tape. On October 16, 1939, he discharged plaintiff as in his opinion he was able to return to work. He made no examination for prostatitis and knows nothing about plaintiff having subsequently suffered from such an ailment.
After his discharge by Dr. Chamberlain plaintiff reported to his employer but was told that there was no work for him right at that moment but when there would be, he would be called back. Plaintiff states that although he was still suffering from his back he tried to work, doing various things, even attempting to cut sugar cane, but was unable to hold out even for a full week.
On November 28, 1939, at his attorney's request, plaintiff was examined by Dr. Shewen Slaughter. On that date and also two days afterwards, in this doctor's own words, he made an examination consistent with the patient's history, including a massage of the prostate gland and also obtained a smear to find out if there was any infection. The smear was negative and the gland fairly normal. Although plaintiff claimed to be suffering pain in his back Dr. Slaughter could determine no limitation of motion in the back and could find nothing to indicate any disability on the dates he examined him. He made his report to plaintiff's attorney and it may be pertinent to state that he was not called to the witness stand by plaintiff but used by the defendants as their own witness.
Dr. E.K. Hirsch examined the plaintiff at the request of the defendants on December 16, 1939, which it is to be noted, was a little more than two weeks after Dr. Slaughter had seen him. Dr. Hirsch testifies that he made a complete physical examination with a view of determining whether or not plaintiff was suffering with any disability or pain in his back. He took X-rays of the pelvis and of the lumbar spine and all his findings were negative as to any pathology whatsoever. He also made a genito-urinary examination to find out if the prostate was infected and the finding there was also negative. His conclusion was that there was no evidence of any trouble to cause the pain which plaintiff complained of in his back.
On January 26, 1940, more than five weeks after Dr. Hirsch's examination plaintiff, consulted Dr. Richard W. Young who found him suffering at the time from prostatitis necessitating massage of the prostate gland. He administered treatment of that nature over a period extending to February 12, 1940, at which time plaintiff had become free of pain and was able to resume work. Dr. Young did not determine the actual cause of infection of the prostate gland nor was there any way of his telling how long it had existed. Whilst he does state that, assuming that it was present at the time of the accident on October 2, 1939, it could very likely have prolonged the pain caused by the back sprain on that day, yet he says that it is possible that it could have developed in the period of time between December 16, 1939, when he was examined by Dr. Hirsch and January 26, 1940, the date of his own examination. When asked to express an opinion on Dr. Hirsch's negative finding regarding prostatic infection on December 16, 1939, Dr. Young answers that he has every reason to respect Dr. Hirsch's opinion about the matter. Under the circumstances Dr. Hirsch's testimony certainly cannot be disregarded and taken into consideration with that of Dr. Slaughter who had examined plaintiff two weeks previously and had found no evidence of infection even at that time, it would be difficult indeed to conclude that a prostatic condition could have prolonged the pain which resulted from the back injury of October 2, 1939.
We have given full consideration to the testimony of the plaintiff and that of the lay witnesses produced by him but it all relates to the pain which he complained of which all the doctors agreed was of a subjective character and for which they could not account pathologically or objectively in the absence of any prostatic *West Page 16 
infection and which infection did not develop until sometime after December 16, 1939. Plaintiff has shown no causal connection between this condition and the sprain of the muscles in his back in the accident of October 2, 1939, failing in which, he cannot recover. It is firmly established in the jurisprudence of this State that a suit for compensation presents no exception to the general rule that a plaintiff, in order to obtain judgment, must prove his case to a legal certainty and that proving it to the point of mere probability is not sufficient.
It is for the reasons herein stated now ordered that the judgment appealed from be avoided, reversed and set aside and it is further ordered that there be judgment in favor of the defendants and against the plaintiff dismissing his suit without costs.